✎AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of _____ COLORADO _____

UNITED STATES OF AMERICA **JUDGMENT IN A CRIMINAL CASE**
**V.**

MAURO EMILIO PENNINI

Case Number:     15-cr-00267-MSK-01

USM Number:     41172-013

Stephen L. Laiche, Appointed
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to Count     One of the Indictment

☐ pleaded nolo contendere to Count(s) _____
which was accepted by the Court.

☐ was found guilty on Count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(8) | Possession of a Firearm by a Prohibited Person | 6/8/2015 | One |

The defendant is sentenced as provided in pages 2 through _____5_____ of this judgment in accordance with the conclusions made in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☒ Count     two is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 4, 2016
Date of Imposition of Judgment

*Marcia S. Krieger*
Signature of Judge

Marcia S. Krieger, Chief U.S. District Judge
Name and Title of Judge

_____
Date

AO 245B     (Rev. 11/14 D/CO) Judgment in Criminal Case
            Sheet 2 — Imprisonment
_____
Judgment — Page ___2___ of ___5___

DEFENDANT:          MAURO EMILIO PENNINI
CASE NUMBER:        15-cr-00267-MSK-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
   time served

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____   ☐   a.m.  ☐   p.m.   on _____ .
   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐   before 12 p.m. on _____ .
   ☐   as notified by the United States Marshal.
   ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B      (Rev. 11/14 D/CO) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___5___

DEFENDANT:      MAURO EMILIO PENNINI
CASE NUMBER:    15-cr-00267-MSK-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:   twelve (12) months

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

2)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

AO 245B     (Rev. 11/14 D/CO) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page   4   of   5

DEFENDANT:          MAURO EMILIO PENNINI
CASE NUMBER:        15-cr-00267-MSK-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|------------|------|-------------|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
|                   |                  |                         |                            |

| **TOTALS** | $           0.00 | $          0.00 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☐  fine   ☐  restitution.

☐   the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 11/14 D/CO) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page __5__ of __5__

DEFENDANT:        MAURO EMILIO PENNINI
CASE NUMBER:      15-cr-00267-MSK-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following Court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-cr-00267-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MAURO EMILIO PENNINI,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing:  Order)

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER,

Judge, United States District Court for the District of

Colorado, commencing at 12:59 p.m., on the 4th day of January,

2016, in the United States Courthouse, Grand Junction,

Colorado.

**APPEARANCES**

    PETER GRATTAN HAUTZINGER, Assistant U.S. Attorney, 400

Rood Avenue, Grand Junction, Colorado, 81501, appearing for the

Government.

    STEPHEN LAICHE, Attorney at Law, 422 White Avenue,

Suite 323, Grand Junction, Colorado, 81501, appearing for the

Defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

1          (The following proceedings were had and entered of

2    record after the Court heard the arguments of counsel and

3    statement of defendant:)

4          *THE COURT:*  Thank you.

5          I'll announce the sentence I intend to impose.  And,

6    of course, counsel, you'll have a final opportunity to make

7    legal objections before judgment is actually entered.  If you

8    believe the sentence is premised upon error or raises an issue

9    you haven't had an opportunity to research or address, I invite

10   you to request a continuance.

11         Imposition of a sentence in a federal criminal case is

12   covered by a number of statutes.  The umbrella statute is

13   18 U.S.C. Section 3553.  In imposing sentence in this case, the

14   Court has considered the objectives and the factors that are

15   set out in that statute.

16         The statute requires that the sentence be sufficient

17   but not greater than necessary to satisfy particular

18   objectives.  The sentence must reflect the seriousness of the

19   offense; promote respect for the law; provide just punishment;

20   adequately deter criminal conduct; protect the public from

21   further crimes by the defendant; and provide the defendant with

22   needed educational or vocational training, medical care, or

23   other correctional treatment in the most effective manner.

24         To fashion a sentence that meets these objectives, the

25   statute directs the Court to consider the nature and

3

1  circumstances of the offense; the history and characteristics

2  of the defendant; the kinds of sentences that are available;

3  the sentence prescribed by the federal sentencing guidelines;

4  the need to avoid unwarranted sentence disparities among

5  defendants with similar records found guilty of similar

6  conduct; and in the appropriate case, the need for restitution.

7       At the beginning of this hearing, I identified the

8  documents that I had studied in preparation for the hearing,

9  confirmed that counsel and the defendant had had adequate

10  opportunity to review those documents.  No one suggested that

11  there were additional documents to be considered, and no one

12  had a dispute as to the factual contents of the presentence

13  report or in the addenda that were filed.

14       There were no disputes as to the calculation of the

15  sentencing range recommended by the federal sentencing

16  guidelines as set out in the presentence report, and that's

17  where we begin.

18       Possession of a firearm by a prohibited person is

19  governed by 18 U.S.C. Section 922 and sentencing guideline

20  section 2K2.1.  The sentencing guideline section provides that

21  an offense involving possession of a firearm by a prohibited

22  person has a Base Offense Level of 14.  But based on the facts

23  contained in the plea agreement, it appears -- in the

24  stipulation of the parties that the defendant possessed the

25  ammunition and the firearm solely for lawful sporting purposes

1    or collection and did not unlawfully discharge or otherwise

2    unlawfully use such firearm or ammunition.  And as a

3    consequence, the offense level is decreased to six.  There are

4    no victim-related adjustments, adjustments for role in the

5    offense, adjustments for obstruction of justice, adjustments

6    for the adjusted offense level is not appropriate here, and it

7    remains at six.  There are no Chapter Four enhancements.  And

8    there is pursuant to 3E1.1(a) of the guidelines a two-level

9    decrease for the defendant's acceptance of responsibility.

10   That results in a Total Offense Level of 4.

11        The second component under the guidelines is criminal

12   history.  And, here, the criminal history score is zero,

13   putting the defendant in a Criminal History Category of I.

14        With a Criminal History Category of I and an offense

15   level of 4, the guidelines recommend incarceration of zero to

16   six months, supervised release of one to three years,

17   alternatively, probation of zero to three years, a fine of 250

18   to $5,000 can be imposed, and there is a mandatory special

19   assessment of $100.

20        I'm going to go through each of the components of the

21   guideline range and advise you as to where I think this case

22   falls.  But let me note before I do that, there is no request

23   for a departure and there is no request for a variance.

24        We start with the special assessment.  It is $100.

25   It's mandated by statute.  I intend to impose it.  As to a

1    fine, I find that the defendant lacks the ability to pay a fine

2    and, therefore, do not intend to impose a fine.

3           As to probation, supervised release, and custody, it

4    is clear that Mr. Pennini has been detained for longer than the

5    recommended time for imposition of a sentence.  As a

6    consequence, I intend to limit the custodial term here to time

7    served.  As to supervised release, I think a one-year

8    supervised release period is sufficient.  I do not intend to

9    put a special condition on reentry into the United States.  I

10   intend to apply all of the mandatory conditions to supervised

11   release.  I do not intend to impose Standard Conditions No. 1,

12   No. 4, No. 5, No. 6, No. 7, No. 8, 9, 10, 11, 13, or 14 because

13   the parties anticipate that the defendant will be deported.

14          As to the recommended special conditions, neither of

15   the parties have addressed these, but I do not see that any of

16   them are warranted in light of the intended deportation.

17          Any need for clarification or further explanation?

18          MR. LAICHE:  Not from Mr. Pennini, Your Honor.

19          MR. HAUTZINGER:  Not for the Government, Your Honor.

20          THE COURT:  All right.  Thank you.

21          Is there a form of judgment?

22          MR. LAICHE:  Is that addressed to me?

23          THE COURT:  No.  Probation ordinarily supplies the

24   Court with a format for entry of judgment.  Do you have one?

25          PROBATION OFFICER:   I asked what I needed, and she

1   gave me the sentence imposed statement and statement of

2   reasons.

3         *THE COURT:*  There is a form of judgment that

4   ordinarily is supplied.  It's usually about a two-page

5   document.

6         *PROBATION OFFICER:*  I can show you what she gave me.

7         *THE COURT:*  Why don't you do that.

8         Ms. Glover, do you have a copy?

9         *COURTROOM DEPUTY:*  A proposed judgment for this case?

10        *THE COURT:*  Yep.

11        *COURTROOM DEPUTY:*  I do not.  Normally I don't get

12  those until after sentencing is over, Judge.

13        *THE COURT:*  No, this is what is tendered to you before

14  every sentencing, and you attach it to the CEO schedule.

15        *COURTROOM DEPUTY:*  Okay.  I can go look, but I don't

16  think we're communicating.  Are you talk offing about a

17  proposed sentencing statement?

18        *THE COURT:*  Yep.

19        *COURTROOM DEPUTY:*  Okay.  Let me go see what I have.

20  I thought I did put it into CEO, but I can certainly go look

21  again.

22        *THE COURT:*  We have it here in the courtroom.  Thank

23  you.

24        *COURTROOM DEPUTY:*  Thank you.

25        *THE COURT:*  It's not in CEO.

1            COURTROOM DEPUTY:  Okay.

2            THE COURT:  But we can do it from what we have here in

3    the courtroom.  Thank you.

4            COURTROOM DEPUTY:  Sure.

5            THE COURT:  Pursuant to the Sentencing Reform Act of

6    1948, it is the judgment of the Court that the defendant, Mauro

7    Emilio Pennini, is hereby committed to the custody of the

8    Bureau of Prisons to be imprisoned for a term that he has

9    already served.  He will be released from imprisonment and

10   placed on supervised release for a one-year period.

11           Within 72 hours of his release from the custody of the

12   Bureau of Prisons -- in this case, it would be the United

13   States Marshal Service -- he will report in person to the

14   probation office in the district to which he is released.

15   While he's on supervised release, he will not commit another

16   federal, state, or local crime; he'll not possess a firearm as

17   defined in 18 U.S.C. Section 921; he'll comply with the

18   standard conditions that I have specified, but the standard

19   conditions that have been deleted, he will not adhere to,

20   because they will not be imposed.  The mandatory conditions,

21   however, are imposed.  No special conditions are imposed in

22   light of the likelihood that he will be deported.

23           He will not, however, unlawfully possess a controlled

24   substance; he will refrain from any use of a controlled

25   substance, and that includes marijuana.  Marijuana is lawful

8

1    for use in small quantities under state law, but not under

2    federal law.

3           I waive the mandatory drug testing provisions of

4    18 U.S.C. Section 3563(a)(5) and 3583(d) because it is likely

5    that the defendant will be deported.  He will, however,

6    cooperate in the collection of DNA as directed by the probation

7    officer.  No fine is imposed for the reasons stated.  The

8    defendant will pay a special assessment of $100, which is due

9    and payable immediately.

10          And, Mr. Pennini, I advise you of your right to appeal

11   this sentence.  If you desire to appeal, a notice of appeal

12   must be filed with the Clerk of Court within 14 days after

13   entry of judgment or the right to appeal will be lost.

14   Ordinarily, it is your attorney, Mr. Laiche, who would file

15   that notice of appeal; but if he's unwilling or unable to do

16   so, you may request and I will direct the Clerk of Court to

17   file a notice of appeal on your behalf.

18          Is there any further business to bring before the

19   Court?

20          MR. LAICHE:  Not from Mr. Pennini, Your Honor.

21          MR. HAUTZINGER:  No.

22          THE COURT:  Thank you, then.

23          Let me return your good documents and books, folks.

24          Mr. Pennini will be remanded to the care and custody

25   of the United States Marshal Service and be released as soon as

1  that can be timely accomplished.  I understand that there is a

2  detainer that will be lodged immediately.  That is not

3  something that is done necessarily here.

4          That will conclude this matter.  Thank you to our

5  marshal staff, court staff, probation office, counsel, and the

6  folks in Denver as well.  It will conclude this matter and our

7  term of court today.

8          Thank you all.  We'll stand in recess.

9          (Recess at 1:32 p.m.)

10                  REPORTER'S CERTIFICATE

11

12      I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.

13

14      Dated at Denver, Colorado, this 5th day of January, 2016.

15                                  s/Therese Lindblom

16                          _____

17                          Therese Lindblom,CSR,RMR,CRR

18

19

20

21

22

23

24

25